**Gildardo VAZQUEZ-MENDEZ, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

Nos. 14-71255
15-72521

United States Court of Appeals, Ninth Circuit.

Submitted October 25, 2016 *

Filed November 3, 2016

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

John Martin Pope, Benjamin Wiesinger, Pope & Associates, PC, Phoenix, AZ, for Petitioner.

Christopher Buchanan, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, San Francisco, CA, for Respondent.

Before: LEAVY, SILVERMAN, and GRABER, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for review, Gildardo Vazquez-Mendez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") orders dismissing his appeal from an immigration judge's order denying his motion to reopen removal proceedings conducted in absentia, and denying his subsequent motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims. *Hernandez–Velasquez v. Holder,* 611 F.3d 1073, 1077 (9th Cir. 2010). We deny the petitions for review.

The agency did not abuse its discretion in denying Vazquez-Mendez's first motion to reopen his in absentia removal order, where written notice of the hearing was served on his attorney of record. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2); 8 C.F.R. § 1292.5(a) (permitting notice on alien's attorney of record); *Garcia v. INS,* 222 F.3d 1208, 1209 (9th Cir. 2000) (notice to the attorney of record constitutes notice to the alien).

The BIA did not abuse its discretion or violate due process in denying Vazquez-Mendez's second motion to reopen, based on ineffective assistance of counsel, for failure to establish prejudice, where he has not shown that the documents submitted with his appeal to the BIA may have affected the outcome of his proceedings. *See Martinez–Hernandez v. Holder,* 778 F.3d 1086, 1088 (9th Cir. 2015) (to establish prejudice, "a petitioner must show counsel's performance was so inadequate that it may have affected the outcome of proceedings." (quotation marks and citations omitted)).

In light of this disposition, we do not reach Vazquez-Mendez's remaining contentions regarding the alleged conduct of former counsel.

**PETITIONS FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).